UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Patricia Hall-Cloutier, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:17-cv-00491-LM |
| | ) | |
| Sig Sauer, Inc., | ) | |
|     Defendant | ) | |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO
TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION
TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Plaintiff, Patricia Hall-Cloutier, by her attorneys Sherman Law, PLLC respectfully submits this Surreply to Defendant's Reply to Plaintiff's Objection to Defendant's Motion to Compel Arbitration and Stay Proceeding.

## I. SUMMARY OF ARGUMENT

The singular reference to employment being "at will" in the noncompete/nonsolicitation agreement does not incorporate the entirety of the employment relationship into the agreement. It simply reinforces, just as in other employment documents that the employment relationship remains "at will".

## II. LEGAL ARGUMENT

### A. AT WILL REFEFRENCE IS LIMITED IN EFFECT

Arbitration is a matter of contract, the Federal Arbitration Act only applies if the Court determines that it is what the parties intended. "A party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." AT & T Techs., Inc. v. Communications Workers of Amer., 475 U.S. 643, 648-49 (1986) (internal quotation marks and citations omitted).

There is no presumption of arbitrability unless the Court first determines that the scope of arbitration is ambiguous.  See Grand Wireless, Inc. v. Verizon Wireless, Inc., 748 F.3d 1, 8 (1st Cir. 2014) citing Paul Revere Variable Annuity Ins. Co. v. Kirschhofer, 226 F.3d 15, 25 (1st Cir. 2000)(identifying that when there is ambiguity as to scope there is a presumption of arbitrability).  It is not.

Sig Sauer's employment documents repeatedly state that employment is "at will."  (See Exhibits 1-4 of Hall Affidavit).  Repetition of this phrase exemplifies defendant's overarching concern about ensuring that it avoids the creation of contract-based obligations to its employees.

This same intent is reflected in the noncompete/nonsolicitation agreement.  It creates contract-based obligations many of which survive termination such as an employee's duty not to solicit customers or employees and to avoid using the defendant's intellectual property.  It explains these in detail in the four-page single-spaced document.

Like the defendant's other employment documents, the noncompete/nonsolicitation also references the "at will" nature of employment.  Section 7 provides:

> Effect of At-Will Employment.  I understand and agree that I am not employed for any particular period of time.  As an employee at-will, I am free to terminate my employment, and the Company is free to terminate my employment at any time, with or without cause, for any lawful reason.  If I cease to be an employee of the Company for any reason, I will promptly return to the Company all originals and copies of any documents, software, equipment, or other property of any nature belonging to the Company or containing information about the Company or its products.

This reference, by itself, should not be interpreted as defendant now suggests as incorporating the entirety of the employment relationship into the noncompete/nonsolicitation agreement.  This is especially true considering that it does not, through the words the defendant chose to use, make this intent clear and unmistakable.

Instead, the reasonable interpretation of this reference is that it simply reinforces that the contract-based obligations it creates remain in force notwithstanding the "at will" nature of the employment relationship. The reference, therefore, does exactly what the references in the Employee Handbook and other employment documents do: it makes it clear that employment remains at will despite the obligations and policies these documents identify.

The caption of this section confirms this interpretation. It is entitled "***Effect of*** At Will Employment." This means that it is simply reinforcing that the obligations are intended to continue in force notwithstanding the "at will" nature of employment.

Taking the defendant's argument to one potential conclusion undermines the now identified interpretation. If this reference incorporates the entirety of the employment relationship it would do what the defendant seems to be so stridently trying to avoid: convert the employment relationship to being contract-based. The provision, for example, states that the "Company is free to terminate employment at any time, with or without cause, for any ***lawful reason***." The plaintiff's pending claims, however, allege that the reasons for her termination were **<u>unlawful</u>**. These allegations can be interpreted, therefore, to mean that the defendant breached this contract-based claim. It strongly appears that this is not and cannot be what the defendant intended.

**B.     "*THIS AGREEMENT*" IS THE RELEVANT PHRASE FROM <u>ZUBER</u>**

Mrs. Hall-Cloutier cited to <u>Zuber v. Vandalia Research Inc</u> (Copy of Decision Attached to Objection) because it addresses a similar factual scenario. The plaintiff asserted statutory and common law employment claims and the defendant moved to compel arbitration based on an arbitration provision from a noncompete. The District Court correctly identified that the arbitration provision applied to claims arising from "*this Agreement.*" It identified that the

statutory and common law claims were not derived from the Agreement.  In the absence of clear and unmistakable language evidencing that it was the parties' intent and that they agreed upon it, the Court held that the arbitration provision was not so broad in scope to govern all potential legal claims arising from the employment relationship.  The same analysis applies here.

                                            Respectfully submitted

                                            PATRICIA HALL-CLOUTIER

                                            By and through her attorneys,

Date:   11/22/2017                              /s/ *John P. Sherman*
                                                 John P. Sherman, Esq.
                                                 Bar No. 12536
                                                 Sherman Law PLLC
                                                 111 Bow Street, Unit 2
                                                 Portsmouth, NH 03801
                                                 (603) 570-4837
                                                 jsherman@johnshermanlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been sent through the ECF systems to the following:

Debra Weiss Ford
Martha Van Oot
Samuel V. Maxwell
Jackson Lewis
100 International Drive, Suite 363
Portsmouth, NH 03801
fordd@jacksonlewis.com
Martha.vanoot@jacksonlewis.com
Samuel.maxwell@jacksonlewis.com


                                            /s/ *John P. Sherman*
                                            John P. Sherman
Date: 11/22/2017